# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| STACEY VICTOR NELSON, | DOCKET NUMBER |
| Appellant, | DE-0845-14-0626-I-1 |
| v. | |
| OFFICE OF PERSONNEL MANAGEMENT, | DATE: September 6, 2022 |
| Agency. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Stacey Victor Nelson, Fulton, South Dakota, pro se.

Tanisha Elliott Evans, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed a reconsideration decision by the Office of Personnel Management (OPM) finding that he had been overpaid annuity benefits under the Federal Employees' Retirement System (FERS) and that he did not qualify for a waiver of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the overpayment. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2        In January 2009, OPM approved the appellant's application for FERS disability retirement annuity benefits effective November 2008. Initial Appeal File (IAF), Tab 8 at 8, 17. In January 2012, OPM notified the appellant that he received an overpayment of $18,546.65, and the appellant requested reconsideration and a waiver of the overpayment. *Id.* at 18, 20-23. OPM issued a final decision in August 2014, confirming the existence and amount of the overpayment and denying the appellant's waiver request. *Id.* at 6-7. OPM noted that the appellant provided no financial data in support of his waiver request although OPM gave him a Financial Resources Questionnaire (FRQ), which he did not submit even after requesting additional time to do so. *Id.* at 7. To prevent possible financial hardship, however, OPM reduced the original repayment schedule from 36 monthly installments of $515.18, to 73 monthly installments of $257.59 to be collected by withholding from the appellant's future monthly annuity payments. *Id.* at 7, 18. The appellant appealed OPM's final decision to

the Board, and he provided an FRQ in support of his waiver request. IAF, Tabs 1, 14.

¶3    The administrative judge issued an initial decision based on the written record, affirming OPM's final decision concerning the overpayment and waiver denial but modifying OPM's repayment schedule because of the appellant's financial circumstances. IAF, Tab 64, Initial Decision (ID) at 22-23. The administrative judge found that OPM proved the existence and amount of the $18,546.65 overpayment, which consisted of the following: (1) $14,825.48 for health insurance premiums; (2) $2,409.14 for life insurance premiums; and (3) $1,312.03 for an annuity overpayment, including taxes withheld.[2] ID at 4-7. The administrative judge found that the appellant was without fault in creating the overpayment but he failed to prove that he was entitled to a waiver. ID at 16-18. Although no waiver applied, the administrative judge modified OPM's proposed repayment schedule. ID at 22-23. Specifically, the administrative judge found it reasonable to extend the appellant's payment plan to 92 months, with a monthly withholding of $200.00, and a final payment of $146.00 in the 93rd month. ID at 23. In adjusting the collection schedule, the administrative judge considered the appellant's FRQ, evidence that his debts and anticipated expenses exceed his available assets, and that he is disabled and unable to work. ID at 20, 22-23.

¶4    The appellant has filed a petition for review of the initial decision, reasserting the arguments he made on appeal that his due process rights were violated and that he is entitled to a waiver. Petition for Review (PFR) File, Tab 1. The appellant does not dispute the administrative judge's findings

---

[2] The administrative judge found that OPM could have claimed a higher annuity overpayment if it had relied on the appellant's official statements. ID at 6-7, 18 n.17. He further found that the appellant benefitted from OPM's failure to take advantage of repeated notices and opportunities to explain why, based on the official Statements of Annuities provided by the appellant, the overpayment could have been greater than OPM claimed. ID at 6.

concerning the existence and amount of the overpayment. OPM responded in opposition to his petition, and the appellant replied. PFR File, Tabs 4-5.

¶5        As the administrative judge correctly stated in the initial decision, ID at 7, recovery of an overpayment may be waived if the appellant is without fault and recovery would be against equity and good conscience, 5 C.F.R. § 845.301. Recovery would be against equity and good conscience in the following circumstances: (1) recovery would cause financial hardship to the person from whom it is sought; (2) the recipient of the overpayment can show, regardless of his financial circumstances, that due to the notice that the payment would be made, or because of the incorrect payments, he relinquished a valuable right or changed positions for the worse; or (3) recovery would be unconscionable under the circumstances. 5 C.F.R. § 845.303.

¶6        Financial hardship may exist when an appellant needs substantially all of his current income and liquid assets to meet current "ordinary and necessary" living expenses and liabilities. *See* 5 C.F.R. § 845.304. After completing his analysis of the appellant's FRQ, the administrative judge reduced some of the appellant's claimed expenses as not "ordinary and necessary," added $50 per month for emergencies, and determined that the appellant's disposable monthly income exceeded his ordinary and necessary monthly expenses by $1,011.51. ID at 8-12. Thus, the administrative judge found that the appellant did not prove that he was entitled to a waiver based on financial hardship. ID at 8. Although the appellant disputes the administrative judge's ultimate finding that he was not entitled to a waiver, he submits no new evidence of financial hardship on review. PFR File, Tab 1 at 7. We find no error in the administrative judge's determination that the appellant is not entitled to a waiver based on financial hardship.

¶7        To prove waiver based on detrimental reliance, an appellant must prove among other things that the relinquishment or change directly caused by the overpayment is significant enough to warrant the waiver and irrevocable, i.e., the

forfeited right cannot be recovered and/or the change of position cannot be reversed. *Alexander v. Office of Personnel Management*, 58 M.S.P.R. 358, 364-65 (1993); ID at 13. On review, the appellant reasserts his argument that he is entitled to a waiver because he relied to his detriment on the overpayment. PFR File, Tab 1 at 3-4. He argues that on appeal he provided uncontested evidence, consisting of his sworn statement and affidavits from his spouse and his ex-wife, showing that he permanently lost public assistance benefits and waived receipt of child support in detrimental reliance on the overpayment. *Id.* at 4. In addition, for the first time on review, the appellant submits the U.S. Department of Agriculture's 2008-2009 Income Eligibility Guidelines for free and reduced-price school meals to support his argument that his family would have qualified for this benefit but for OPM's overestimating his retirement annuity income, which left him ineligible to apply. *Id.* at 3, 9. He also submits a copy of a State of South Dakota Child Support Obligation Calculator. *Id.* at 10.

¶8      The administrative judge found, and we agree, that the appellant was not entitled to a waiver of the overpayment based on detrimental reliance because he did not show that he permanently relinquished a valuable right or changed positions for the worse by relying on the overpayment. ID at 12-15. Although the appellant submitted proof that the overpayment amount he received led him to decline child support from his ex-wife and that he did not apply for public assistance or qualify for free or reduced-price lunch for his children because of the overpayment, he has not shown that the rights he forfeited cannot be recovered and/or his change of position cannot be reversed. IAF, Tab 61 at 75-76, Tab 62 at 5-6; PFR File, Tab 1 at 9-10. Specifically, the appellant has not shown that he is precluded from reapplying for public assistance benefits or free or reduced-price lunch for his children or modifying his child support agreement based on his current income.

¶9      On review, the appellant restates his argument that the overpayment adversely affected his daughter's eligibility for student financial aid and grants

because colleges consider parental income in determining financial aid for students. PFR File, Tab 1 at 4-5. He raises this argument as proof that he is entitled to a waiver of the overpayment based on detrimental reliance. We considered the appellant's evidence that his annuity overpayment may have caused one of his daughters to be "ineligible for certain grants and low interest college loans" in 2010 and that she subsequently left college and joined the Navy. IAF, Tab 61 at 75, Tab 62 at 6. Although we accept the appellant's argument that colleges generally consider parental income in determining student financial aid, we find that the appellant has not shown how OPM's overpayment caused him to relinquish a valuable right that cannot be recovered or that his possible changed position for the worse cannot be reversed, even assuming that the overpayment adversely affected his daughter's eligibility for college financial aid. PFR File, Tab 1 at 4; ID at 15. Accordingly, we find that the appellant's arguments on review are insufficient to prove that he is entitled to a waiver based on detrimental reliance.

¶10    When a recipient of an overpayment does not meet the financial hardship and detrimental reliance requirements for a waiver, a waiver may nevertheless be granted where the circumstances establish that recovery would be unconscionable on other equity grounds. *Aguon v. Office of Personnel Management*, 42 M.S.P.R. 540, 549 (1989). Because the concept of unconscionability is generally defined in terms of broad, equitable considerations, the Board will consider all relevant factors using a "totality-of-the-circumstances" approach to determine if recovery of an annuity overpayment is unconscionable in a given case. *Id.* Such circumstances may include, but are not limited to, cases in which OPM: (1) delayed adjusting an annuity for an exceptionally long period of time; (2) failed to respond in a reasonable length of time to an annuitant's inquiries regarding an overpayment; (3) failed to expeditiously adjust an annuity after receiving specific notice; or (4) was grossly negligent in handling a case. *Aguon*, 42 M.S.P.R. at 550. The unconscionability criterion is a high standard

justifying waiver only under exceptional circumstances. *Boone v. Office of Personnel Management*, 119 M.S.P.R. 53, ¶ 9 (2012).

¶11     The administrative judge found that the appellant did not prove unconscionability, in part because OPM was not grossly negligent and did not unreasonably delay the final adjustment of the appellant's annuity or fail to respond to his request for a waiver within a reasonable length of time. ID at 16. On review, the appellant argues that recovery would be unconscionable because OPM double-reported the overpayment to the Internal Revenue Service (IRS), which caused him to incur an unfair tax liability in 2012. PFR File, Tab 1 at 5. The appellant also asks the Board to order OPM to provide the IRS with corrected documentation to remove the 2012 overpayment that OPM allegedly double-reported to the IRS. *Id.* at 8.

¶12     The administrative judge specifically considered and repeatedly rejected the appellant's argument that recovery would be unconscionable because he incurred an unfair tax liability. ID at 13-14; IAF, Tabs 40, 48. The administrative judge properly found that OPM is legally required to withhold Federal income taxes from annuity benefits and remit them to the IRS and that the appellant must seek a remedy from the IRS to the extent that any benefits adjustments or resulting overpayments affected his past tax liability. ID at 13; *see Cebzanov v. Office of Personnel Management*, 96 M.S.P.R. 562, ¶ 11 (2004). We find that the administrative judge's findings are supported by the applicable law as cited in the initial decision. ID at 13.

¶13     Although the appellant also argues that recovery would be unconscionable because he was not at fault in creating the overpayment and OPM personnel initially told him that he was being underpaid, we find that the appellant has not shown exceptional circumstances justifying waiver. PFR File, Tab 1 at 5, 7; *see Boone*, 119 M.S.P.R. 53, ¶ 9. Moreover, contrary to the appellant's argument on review, we find that he has not shown that repaying the overpayment would leave

him in a worse financial position than he would have been in if there had been no overpayment.  PFR File, Tab 1 at 5.

¶14    On review, the appellant argues that his due process rights were violated because the administrative judge denied his request for discovery to obtain evidence to support his claim that he called the agency about his interim retirement annuity and "long overdue finality."  PFR File, Tab 1 at 2.  The Board will not reverse an administrative judge's rulings on discovery matters absent an abuse of discretion.  *Wagner v. Environmental Protection Agency*, 54 M.S.P.R. 447, 452 (1992), *aff'd*, 996 F.2d 1236 (Fed. Cir. 1993) (Table).  On appeal, the administrative judge denied the appellant's motion to compel discovery, finding that the agency provided an adequate response to the appellant's discovery request and that sanctions were neither necessary nor appropriate.  IAF, Tab 12 at 4.  The administrative judge also found that the appellant's discovery requests were cumulative and duplicative and would impose a burden on the agency that would outweigh any likely benefit.  *Id.*  We find that the appellant's arguments on review do not show that the administrative judge abused his discretion in ruling on these discovery matters.  Moreover, to the extent that the appellant is claiming that he has a due process right to discovery, his claim has no merit.  PFR File, Tab 1 at 5; *see Markland v. Office of Personnel Management*, 73 M.S.P.R. 349, 357 (1997), *aff'd*, 140 F.3d 1031 (Fed. Cir. 1998).

¶15    On review, the appellant also argues that his due process rights were violated because he asked repeatedly to call witnesses from OPM who verbally assured him that he was being underpaid and would be owed back pay.[3]  PFR File, Tab 1 at 2.  The administrative judge has wide discretion under 5 C.F.R. § 1201.41(b)(8), (10) to exclude witnesses when it has not been shown that their testimony would be relevant, material, and nonrepetitious.  *Franco v. U.S. Postal Service*, 27 M.S.P.R. 322, 325 (1985).  Before the appellant decided to provide

---

[3] On review, the appellant does not identify the witnesses by name.

written submissions in lieu of hearing testimony, the administrative judge denied one of the appellant's requested witnesses on the ground that her testimony would have been duplicative of the expected testimony of the appellant and his other approved witness. IAF, Tab 60 at 2, Tab 61 at 1. We find that the appellant's arguments on review do not show that the testimony of the denied witness would have been relevant, material, or not repetitious. IAF, Tab 60 at 2; *see* 5 C.F.R. § 1201.41(b)(8), (10); *see also Franco*, 27 M.S.P.R. at 325.

¶16   The appellant also argues that he was denied due process because OPM began collecting the overpayment while his appeal was pending before the Board. PFR File, Tab 1 at 6. Pursuant to 5 C.F.R. § 845.205(d), collecting overpayments will begin after the Board has acted on any timely appeal of a waiver denial, unless failure to make an offset would substantially prejudice the Government's ability to collect the debt; and the amount of time before the payment is due to be made does not reasonably permit completing the proceedings. If the collections offset begins before the administrative review process is finished, OPM's regulations require that the "amounts recovered by offset but later found not owed will be refunded promptly." *Id.* Here, however, the appellant cites to no evidence in the extensive appeal record showing that OPM prematurely recovered any of the overpayment through collections offset during the pendency of his appeal or that he did not owe any of the overpayment prematurely recovered. We therefore find that the appellant's argument on review presents no basis to disturb the initial decision.

¶17   On review, the appellant asserts that the administrative judge showed bias for OPM and was not impartial. Administrative judges are presumed to be honest and to act with integrity. *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980). Accordingly, an administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if the administrative judge's comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Bieber v. Department of the Army*, 287 F.3d

[1358](), 1362-63 (Fed. Cir. 2002) (quoting *Liteky v. United States*, [510 U.S. 540](), 555 (1994)). The appellant claims that the administrative judge raised objections to evidence accepted by OPM and "failed to address several pertinent issues and applied the law incorrectly." PFR File, Tab 1 at 7. We find, however, that none of the appellant's claims of bias demonstrate any deep-seated favoritism or antagonism.[4] We also find that the administrative judge properly weighed the evidence, reached the correct conclusion under the law, and issued a well-reasoned decision. Should the appellant's financial situation change or his monthly expenses exceed his monthly income, nothing in this Final Order prevents the appellant from contacting OPM and requesting an adjusted repayment scheduled based on an updated FRQ.

## ORDER

¶18 We ORDER OPM to reduce the appellant's repayment schedule to a rate of $200.00 for 92 months, with a final payment of $146.00 in the 93rd month. OPM must complete this action no later than 20 days after the date of this decision.[5]

¶19 We also ORDER OPM to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it took to carry out the Board's Order. We ORDER the appellant to provide all necessary

---

[4] Moreover, as previously noted, although the administrative judge found that the appellant failed to establish his entitlement to a waiver of the overpayment, he adjusted OPM's proposed repayment schedule by reducing the appellant's monthly payments. ID at 22-23.

[5] The appellant is hereby notified that OPM has advised the Board that it may seek recovery from an annuitant's estate or other responsible party of any debt remaining upon his or her death. A party responsible for any debt remaining upon an annuitant's death may include an heir (spouse, child, or other) who derives a benefit from the annuitant's Federal benefits, an heir or other person acting as the representative of his or her estate if, for example, the representative fails to pay the United States before paying the claims of other creditors in accordance with [31 U.S.C. § 3713]()(b), or transferees or distribute[r]s of your estate. *Pierotti v. Office of Personnel Management*, [124 M.S.P.R. 103](), ¶ 13 (2016).

information OPM requests to help it carry out the Board's Order.  The appellant, if not notified, should ask OPM about its progress.  *See* 5 C.F.R. § 1201.181(b).

¶20    No later than 30 days after OPM tells the appellant it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that OPM did not fully carry out the Board's Order.  The petition should contain specific reasons why the appellant believes OPM has not fully carried out the Board's Order, and should include the dates and results of any communications with OPM.  *See* 5 C.F.R. § 1201.182(a).

¶21    This is the final decision of the Merit Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulations, section 1201.113(c) (5 C.F.R. § 1201.113(c)).

## NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. \_\_\_\_ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    /s/ for
                                  _____
                                  Jennifer Everling
                                  Acting Clerk of the Board
Washington, D.C.